UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PUALA MOORE                                    :          CASE NO.  2:25-CV-01756

VERSUS                                         :          JUDGE JAMES D. CAIN, JR.

WLAMART INC ET AL                              :          MAGISTRATE JUDGE LEBLANC

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Paula Moore.  Doc. 10.  The motion is opposed [doc. 12], and Plaintiff replied [doc. 13], making the motion ripe for ruling.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** the motion be **DENIED**.

I.
BACKGROUND

The following allegations are drawn from Plaintiff's most recent Amended Petition for Damages (the "Petition"),[1] which she filed in the 14th Judicial District Court, Calcasieu Parish, Louisiana.  Doc. 1, att. 2.  In the Petition, Plaintiff alleges that on or about November 2, 2024, she was walking in the produce area of a Walmart Supercenter in Lake Charles "when suddenly and without warning, she slipped on a liquid substance and produce" and fell to the ground.  Doc. 1, att. 2, p. 20.

---

[1] On December 18, 2024, Plaintiff filed her Original Petition [doc. 1, att. 2, pp. 1-3] which was subsequently amended on February 26, 2025, to add "ABC Employee" as a defendant [*id.* at pp. 10-13] and again on April 7, 2025 [*see* doc. 10, ¶ 5], to replace "ABC Employee" with the now-named defendant, Kevin Penton [doc. 1, att. 2, pp. 20-22].

- 1 -

The Petition names as defendants Walmart, Inc. "and/or" Wal-Mart Louisiana, LLC ("Walmart, LLC" and collectively with Walmart, Inc., "Walmart"), and a Walmart employee, Kevin Penton. Doc. 1, att. 2, p. 20. The Petition alleges that Penton was in the course and scope of his employment with Walmart when he should have seen the spill and remedied it. *Id.* at pp. 20-21. Defendants are alleged to have caused Plaintiff's fall and resulting injuries through their negligence, causing her damages that include medical expenses, physical and mental pain and suffering, disability, loss of earning capacity, and loss of enjoyment of life. *Id.* at p. 2.

Walmart timely removed the action, asserting that the court may exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, the proper parties to the litigation are of diverse citizenship, and the Louisiana citizenship of defendant Penton, which would normally bar removal pursuant to the forum-defendant rule, 28 U.S.C. § 1441(b)(2), may be disregarded because Penton is improperly joined. Doc. 1.

Plaintiff has moved to remand, arguing that Penton is a proper party to the suit and "[t]he addition of Mr. Penton as a defendant defeats diversity jurisdiction." Doc. 10 at ¶6. Indeed, Plaintiff's only challenge to this court's jurisdiction is that "Mr. Penton was not improperly joined, complete diversity does not exist, and this Court lacks subject matter jurisdiction." Doc. 10, att. 2, p.8. Continuing on the issue of diversity, Plaintiff offers that, "[b]ecause Mr. Penton is a Louisiana resident domiciled in Louisiana, his addition as a defendant destroys complete diversity of citizenship." Doc. 10, att. 2 at p.2. Nowhere in her motion, however, does Plaintiff ever raise the forum-defendant rule under 28 U.S.C. § 1441(b)(2) as a basis for remand.

## II.
### LAW & ANALYSIS

Any civil action brought in a state court of which the federal district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have

- 2 -

original jurisdiction over any civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity of citizenship among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The removing party bears the burden of showing that removal was proper and that federal jurisdiction exists.  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).  The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

While Plaintiff failed to allege her own citizenship in her remand motion, according to all other documents in the record, she is a citizen of Texas. Doc. 1, att. 2; doc. 8.  The record also reflects that Walmart, Inc. is a citizen of Arkansas and Delaware [docs. 1, ¶ 5 & 5], Walmart, LLC is a citizen of Arkansas [doc. 1, ¶ 5], and Penton is a citizen of Louisiana [doc. 5].  No one disputes that the amount in controversy exceeds $75,000.  Doc. 1, ¶ 13. On these facts, notwithstanding Plaintiff's contention in her remand motion to the contrary, complete diversity exists whether defendant Penton is in or out of this suit.

Nevertheless, in diversity removals, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This rule, commonly referred to as the "forum-defendant rule," is a procedural one, not a jurisdictional one. *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009)).  Here, the removing defendants argue Penton was improperly joined in this action, and so his Louisiana citizenship does not trigger the forum-defendant rule.

"[T]he 'improper joinder' doctrine is a jurisdictional doctrine that constitutes 'a narrow exception to the rule of complete diversity'" which "allows a court to ignore the citizenship of a non-diverse defendant, for the purpose of exercising diversity jurisdiction under 28 U.S.C. § 1332[.]" *Craft v. Louisiana Dep't of Transportation & Dev.*, No. CV 25-467-JWD-EWD, 2026 WL 393947, at *3 (M.D. La. Jan. 23, 2026) (internal quotations omitted), *report and recommendation adopted sub nom. Craft v. Louisiana Dep't of Transportation & Dev., et al.*, No. CV 25-467-JWD-EWD, 2026 WL 386787 (M.D. La. Feb. 11, 2026) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *Prutz v. One World Techs., Inc.*, No. 23-1600, 2024 WL 3174523, at *2 (M.D. La. June 6, 2024), *report and recommendation adopted*, No. 23-1600, 2024 WL 3171849 (M.D. La. June 25, 2024)).  The law is not totally settled in this Circuit "regarding whether improper joinder doctrine can extend to situations where *diverse in-state defendants* are joined in an effort to defeat removal under the forum-defendant rule." *OAM Corp. v. Owners Ins. Co.*, No. 3:13-CV-03872-N, 2013 WL 12128782, at *2 (N.D. Tex. Dec. 5, 2013); *C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 4:23-CV-00536-O-BP, 2023 WL 8937163 (N.D. Tex. Dec. 6, 2023) (collecting cases).  This District, however, on at least one occasion, has held that the improper joinder doctrine is not applicable to a diverse defendant. *Tipton v. Landen*, No. 6:15-CV-02811, 2016 WL 919539, at *5 (W.D. La. Mar. 8, 2016) ; *see also C&R Transp. Servs., LLC*, 2023 WL 8937163 at *4-5, *report and recommendation adopted*, No. 4:23-CV-00536-O-BP, 2023 WL 8936706 (N.D. Tex. Dec. 27, 2023) (holding same).  This issue need not be resolved for purposes of the present motion.[2]

---

[2] Assuming improper joinder analysis applies in the context of the forum-defendant rule, Penton being improperly joined would render the forum-defendant rule inapplicable, and diversity jurisdiction exists.  On the other hand, if Penton were properly joined, then, as discussed *infra*., Plaintiff has failed to preserve this procedural defect in the removal, and diversity jurisdiction exists.

As noted above, the forum-defendant rule is procedural rather than jurisdictional. *Tex. Brine Co., L.L.C.*, 955 F.3d at 485; *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392-93.  Thus, the forum-defendant rule is waived if an objection is not raised on those grounds within thirty days of the Notice of Removal. *Malone v. Spence*, No. 3:21-CV-02047-BH, 2022 WL 22887096 (N.D. Tex. May 24, 2022) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d at 395; 28 U.S.C. § 1447(c)); *MidSouth Bank, N.A. v. Quality Companies USA, LLC*, No. 6:19-CV-00091, 2019 WL 2413432 at * 1-2 (W.D. La. Feb. 8, 2019).  "In order to make a forum-defendant rule objection, the plaintiff must be careful to articulate the alleged defect in a motion to remand. Allegations that the court lacks subject matter jurisdiction will not suffice." *McGee v. Willbros Const., US, LLC*, 825 F. Supp. 2d 771, 775 (S.D. Miss. 2011).

The facts of the present matter are almost identical to those of *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998).  In *Denman*, the plaintiff moved to remand on the ground that the district court lacked jurisdiction because of the presence of a non-diverse defendant even though there was complete diversity of citizenship between the parties. *Id.*  Because the parties were diverse and the plaintiff failed to timely object on the basis of the forum-defendant rule, the United States Fifth Circuit Court of Appeals held that the district court's denial of remand was proper. *Id.*  Specifically, the Court noted that "[the argument that] the [in-state] defendants were not 'fraudulently joined' was insufficient to preserve his objection based on the in-state defendant rule." *Id.* at n. 2.

In both her Motion to Remand [doc. 10] and her reply memorandum [doc. 13], Plaintiff fails to mention the forum-defendant rule.  Instead, Plaintiff focuses solely on the improper joinder argument and incorrectly asserts that Penton's presence in this matter prevents "complete diversity" and so defeats diversity jurisdiction. Doc. 10 at ¶ 6 & att. 2 at pp. 2, 8.  Although Plaintiff

filed a timely Motion to Remand, she failed to carefully articulate an objection based on the forum-defendant rule. Accordingly, Plaintiff has waived such a procedural defect in the removal based on the forum-defendant rule and remand is not warranted on this basis. The court, therefore, **RECOMMENDS** that the instant Motion to Remand [doc. 10] be **DENIED** as this court has jurisdiction pursuant to 28 U.S.C. § 1332.

### III.
#### CONCLUSION

For the reasons stated,

**IT IS HEREBY RECOMMENDED** that the Plaintiff's Motion to Remand [doc. 10] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 16th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**